| ] GAUDIN, Judge.
This is an appeal from a November 6,1996 judgment in a medical malpractice case which (1) granted a motion for summary judgment in favor of defendants Ochsner Clinic, Ochsner Foundation Hospital and Alton Ochsner Medical Foundation and (2) stayed the final effect of these dismissals for 30 days “... to allow plaintiff (Billy Cousi-neau) to secure an expert in support of his claim.”
Part (2) of this judgment is unusual. Even if Cousineau was able to obtain a favorable expert witness within the designated time frame, there was no requirement in the judgment that he file a supplemental and amended petition.
The record, however, does support the granting of the motion for summary judgment; we affirm it. Cousineau has alleged that corneal ulcers diagnosed on September 13, 1988 were caused by appellees’ negligence in prescribing extended wear soft contact lenses in 1987. He also sued Barnes-Hind, Inc., the contact lens manufacturer.
Cousineau had been wearing extended wear contact lenses for approximately three years when he went to Ochsner Clinic on January 12, 1987 for an eye examination and replacement lenses. The original lenses ¡ahad been fitted in Seattle, Washington. He saw Dr. Samuel Newsom, an ophthalmologist, who conducted a thorough examination and prescribed a pair of Hydroeurve Software extended wear lenses.
Ochsner Clinic records show that Cousi-neau was given a January 27, 1987 appointment date for a follow-up examination. Cousineau did not show for this appointment.
In an affidavit dated August 19, 1991, Cousineau stated that almost immediately *368 upon dispensation of the lenses in January, 1987, he began to experience symptoms of distorted vision, vision loss and pain. Nonetheless, Cousineau did not contact Ochsner Clinic again, according to Ochsner Clinic records, until November 10, 1987, when he telephoned and requested a pair of replacement lenses, which were sent to him by mail.
Cousineau apparently wore the lenses without incident until September 13, 1988, when he went to a hospital emergency room in Hammond, Louisiana, complaining of burning and redness. Corneal ulcers were ultimately diagnosed.
In his attempt to sustain this suit against the Ochsner defendants, Cousineau argues that there are numerous issues of material fact precluding summary judgment. He says he was not given adequate personal or written warnings about the risks of wearing extended wear lenses, an allegation Dr. New-som explained was highly improbable. Cous-ineau contends that he “almost immediately” complained to Ochsner Clinic about pain but that the technician who supposedly took the call did not note or record the complaint on appellant’s medical chart or notify the eye doctors. Cousineau also says that the replacement lenses were mailed to him in November, 1987, without a second eye examination.
Dr. Delmar Caldwell, an ophthalmologist at Tulane Medical Center who | Bfirst saw Cousineau on November 23', 1988, testified that if Cousineau complained of vision loss and pain shortly after January 12, 1987, those symptoms were not related to a corneal ulcer because if an ulcer had “... gone on untreated (from January, 1987), the ulcers would have destroyed the eye and the eye would have been blind, because the cornea has no defense from the ulcers.”
Dr. Caldwell said “... the corneal ulcers actually occurred sometime relative to the September 13th date,” the date Cousineau went to the emergency room in Hammond.
In any event, there is no suggestion in this record except for Cousineau’s uncorroborated statements that anyone at Ochsner Clinic at any time deviated from a standard of care or that any alleged deviation, even if proven, caused the corneal ulcers. Although Cousineau said in his August 19, 1991 affidavit that his symptoms appeared “almost immediately” after January 12, 1987, he says in a deposition dated April 15, 1992 that he had no problems with the lenses until “... probably six to eight months after receiving them.”
Neither Dr. Newsom nor Dr. Caldwell could say what actually caused the ulcers. Dr. Newsom said the fit was good. Dr. Caldwell said that there is no way a doctor who prescribes extended wear soft contact lenses can predict what patient will develop ulcers. Dr. Newsom said that corneal ulcers are usually caused by bacteria. He stated:
“I would say that the mechanism of ulcers in extended wear contact lens wearers is probably a build-up of deposits on the lens and among those would be I guess bacteria and therefore may be a greater risk since the lens are not being removed on a daily basis.”
Dr. Caldwell said that a corneal ulcer could be caused by an infection |4or foreign bodies in the eye.
Concluding, we find that the contested issues of fact here are so insubstantial that they present no issues genuinely sufficient to defeat the summary judgment granted by the trial judge in the 24th Judicial District Court. According to the record, there were no patently negligent acts or omissions by any of the Ochsner defendants that might have caused corneal ulcers in September, 1988.
SUMMARY JUDGMENT AFFIRMED.